UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON FIRTH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-526-P |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of the ) | |
| Social Security Administration, ) | |
|     Defendant. ) | |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for supplemental security income ("SSI") benefits under the Social Security Act, 42 U.S.C. § 423. Defendant answered the Complaint and filed the administrative record (hereinafter AR___), and the parties briefed the issues. For the following reasons, Defendant's decision is affirmed.

I.   Administrative History and Agency Decision

Plaintiff filed an application for SSI benefits alleging a disability onset date of January 1, 2012, and later amended that date to February 16, 2018. AR 175-83, 187. The Social Security Administration ("SSA") denied the application initially and on reconsideration. AR 72-82, 83, 85, 87-100. An Administrative Law Judge ("ALJ") then

held a hearing on February 14, 2019, at which Plaintiff and a vocational expert ("VE") testified. AR 33-71. The ALJ issued a decision denying benefits on May 21, 2019. AR 9-27.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 16, 2018, the amended disability onset date. AR 14. At the second step, the ALJ found Plaintiff had severe impairments of "ANA+ collagen vascular disease," obesity, major depressive disorder, generalized anxiety disorder, and obsessive-compulsive disorder. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 15.

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work. AR 17. The ALJ further found the following:

> .... [Plaintiff is] limited to work that is of SVP level 2 or less as defined in the [Dictionary of Occupational Titles]. The claimant cannot do tasks requiring more than occasional public contact or more than occasional interaction with co-workers. The claimant cannot perform work requiring a specific production rate. The claimant cannot perform jobs requiring more than simple workplace judgment.

AR 17-18.[1] Relevant to this appeal, the ALJ did not find Plaintiff would have to miss any specified number of days from work each month. AR 17-18.

---

[1] Later in the decision, the ALJ defines SVP 2 level work as requiring "only the following: (1) understanding, remembering, and carrying out simple instructions; (2) making judgments that are commensurate with the functions of unskilled work—*i.e.,* simple work-related decisions; (3) responding appropriately to supervision, coworkers and usual work

2

At step five, relying on the VE's testimony, the ALJ determined Plaintiff's RFC allowed him to perform jobs existing in significant numbers in the national economy, including collater operator, mail clerk, marker, and flagger. AR 26. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from February 16, 2018 through the date of the decision. AR 27.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.     Issue Raised

On appeal, Plaintiff contends the ALJ erred in his evaluation of the opinion of the PA-C Kelsey Devine. Doc. No. 18 at 3-9.

III.    General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1153 (2019); *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S.Ct. at 1154 (quotations omitted). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is

---

situations; and (4) dealing with changes in a routine work setting." AR 22-23 (quotations omitted).

overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1509, 416.909 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. *See* 20 C.F.R. §§ 404.1520(a)(4), (b)-(g), 416.920(a)(4), (b)-(g). "If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). "The claimant is entitled to disability benefits only if he is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

IV.     Analysis

Plaintiff contends the ALJ erred by improperly rejecting the opinion of PA Devine. On October 31, 2018, PA Devine completed a Functional Capacity Questionnaire. AR 736. PA Devine indicated Plaintiff had been diagnosed with generalized anxiety, panic disorder,

obsessive compulsive disorder, major depressive disorder, and nightmare disorder. *Id.* She also indicated Plaintiff's prognosis was "Good w/proper medication/counseling." *Id.* Finally, PA Devine identified impaired sleep, depression, and anxiety as Plaintiff's "signs and symptoms" and indicated his impairments would cause him to miss work more than four days per month. *Id.*

> In his decision, the ALJ discussed PA Devine's completed Questionnaire, stating:
>
> . . . Kelsey Devine, PA-C, issued a one-page checklist form stating that the claimant [] presents with impaired sleep, depression and anxiety. She/he also concludes that the claimant would miss work more than 4 days a month if he were to try to work. This statement is not per se a medical opinion. "[C]heckbox-style findings **must** be supported by explanation or other clinical opinions from the medical source before the ALJ is required to give them any weight.["] Notably there is provided little to no objective discussion, explanation, supporting medical treatment records or history for the extreme limitations opined in this statement. . . . . The "Tenth Circuit previously upheld an ALJ's decision wherein the ALJ discounted a mental health case worker's assessment because it appeared to be based on the claimant's subjective complaints and the case worker's "opinion was unsupported by any explanation or any medical or clinical findings" and "not consistent with the medical record as a whole." For these reasons, I find Counselor Devine's opinions unpersuasive.

AR 24 (citations omitted).

As an initial matter, the ALJ's statement that PA Devine's Questionnaire did not constitute a medical opinion is inaccurate. Notably, Defendant does not directly dispute this conclusion. Doc. No. 22 at 12. Pursuant to 20 C.F.R. § 416.913(a)(2), a medical opinion is defined as a statement from a medical source about what a claimant can still do despite his impairments and whether he has one or more impairment-related limitations or restrictions. PA Devine's completed Questionnaire clearly meets this definition.

An ALJ considers a medical opinion using five factors -- supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(a), (c)(1-5). The regulations also provide that the most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). The regulations dictate that the Social Security Administration

> will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

*Id.* Thus, while a checklist is considered a medical opinion under the Social Security regulations, the absence of medical treatment notes or other documentation is relevant to its supportability, one of the most important factors in considering its persuasiveness.

Here, however, contrary to the ALJ's assertion, the record **does** include treatment notes from PA Devine. AR 777-811, 813-20. Indeed, the ALJ discussed those treatment notes earlier in his decision but does not appear to realize they were from PA Devine. AR 19, 21-22, 24. Thus, the record does not provide substantial support for the ALJ's reasoning that PA Devine's opinion was unpersuasive because "there is provided little to no objective discussion, explanation, supporting medical treatment records or history" to support the same. AR 24. Nevertheless, the ALJ did review and discuss those treatment notes as well as the remainder of the record and also concluded PA Devine's opinion was not supported by the record as a whole. AR 24.

In his decision, the ALJ summarized PA Devine's treatment notes as follows:

> . . . . [When] the claimant began psychiatric treatment[, he] reported significant anxiety, fear of going out in public, and being depressed. He also admitted to pulling out his eyebrows and eyelashes during times of pain/stress and night terror almost every night. On exam, the claimant had shaky speech and a flat affect. However, he denied suicidal and homicidal ideation and had appropriate judgment, insight, attention, and concentration. He was assessed with generalized anxiety disorder, panic disorder, OCD, major depressive disorder (recurrent and moderate), and sleep terrors. He was given an initial GAF of 61-63 and started on medications, including Prozac, Vistaril, Prazosin, and Buspirone. A GAF of 61-70 indicates some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. Text Revision 2000). One month later the claimant reported a significant improvement. He reported his anxiety as a lot better and [he] was getting out and socializing more. He also reported his depression was still present, but not as bad. Moreover, he was sleeping well at night and not having any night terrors. He was still pulling his eyebrows some, but was now noticing it and could stop himself. His medications were adjusted slightly and he was given a GAF of 64-66.
>
> The claimant continued to do well until December 2018. At that time, he reported experiencing auditory and visual hallucinations. His parents reported the claimant was telling stories about having a relationship with a girl and going out with her, but that the conversations and dates were made up. In addition, the claimant was reporting other things that were not true, like that he received a phone call telling him his mother had passed away in a car accident. However, the claimant's mood and anxiety were "fine." He was socializing with friends and reported that his panic attacks had improved. On exam, the claimant had a euthymic affect and normal speech. He had not evidence of internal stimuli and fair to good judgment and insight. Moreover, he had appropriate attention and concentration. He was started on Abilify for hallucinations. There are no further treatment notes after December 2018.

AR 21-22 (citations omitted). This is a reasonably accurate summary of PA Devine's records, though the Court would note Plaintiff started exhibiting some struggles in the two visits prior to the latest visit in December. AR 798, 800, 802, 805, 807. Additionally, during his last visit, he explained his stories about the girl and the telephone call regarding his

7

mom were vivid hallucinations he could describe and that he previously believed occurred. AR 813-14.

The ALJ discussed additional records related to Plaintiff's mental health. He explained that Plaintiff saw a counselor for individual therapy from January 2018 through April 2018, but accurately noted that no objective findings were indicated in those records. AR 21, 722-35.

The ALJ also discussed Plaintiff's consultative psychological evaluation by Dr. David Cooley on March 15, 2019. AR 22, 851-60. In his assessment, Dr. Cooley noted Plaintiff's description of "experiencing symptoms of 'chronic depression due to severe chronic pain . . . and just recently (two months ago) I found out that I have been hallucinating.'" AR 856. Plaintiff also indicated this symptom has diminished since he started medication and described his depression as "typical." *Id.* Plaintiff reported that he had been pulling his eyelashes and eyebrows when stressed and anxious, though Dr. Cooley noted they were currently intact. *Id.* Dr. Cooley administered that Montreal Cognitive Assessment and Plaintiff scored 21/30, which indicated a possible mild cognitive impairment. AR 857-58.

Dr. Cooley concluded Plaintiff suffers from major depressive disorder/course unspecified/current episode moderate. AR 858. He also stated that Plaintiff's condition was expected to "change or improve somewhat over the next 12 months with ongoing treatment." *Id.* Dr. Cooley indicated, "Possible exaggeration of psychotic symptoms occurred as evidenced by what appeared to be a report heavily reliant on stereotypes which is, based on this psychologist's training and experience, very unusual. Symptom validity

test would likely confirm this hypothesis." AR 859. Finally, he concluded Plaintiff's ability to understand, remember, and carry out simple and complex instructions in a work-related environment was fair. *Id.* In his decision, the ALJ set forth a reasonable summary of Dr. Cooley's examination notes and conclusions. AR 22.

The ALJ then discussed his evaluation of the state agency consultative reviewing physicians' opinions, as well as that of Dr. Cooley.

> The state agency psychologists [] opined that the claimant is capable of semi-skilled simple and detailed tasks, can interact superficially with coworkers and supervisors, can interact[] occasionally with the general public, and can adapt to a work environment. These expert opinions are balanced, objective, and consistent with the evidence of record as a whole and are persuasive. Although these experts did not have an opportunity to examine or treat the claimant, the reports clearly reflect a thorough review of the record and are supportable. . . . However, I find that since the opinions were given, there is some indication of a worsening of the claimant's mental symptoms. Therefore, I find the claimant is more limited in his capacity for mental work activities than opined by the state agency psychologists.
>
> In addition, consultative examiner David Cooley, PhD opined that the claimant has no limitations in his ability to understand, remember and carry out instructions or in his ability to interact with others. However, Dr. Cooley's objective findings show the claimant has some limitations not fully incorporated into his opinions. Moreover, later in his report, Dr. Cooley opined that the claimant has only a fair ability to understand, remember, and carry out simple and complex instructions in a work-related environment. Because of these inconsistencies, I find Dr. Cooley's opinions only partially persuasive and reflect same in the RFC provided.

AR 23-24 (citations omitted).

The ALJ also discussed Plaintiff's reported daily activities from not only himself but his mother, as well as the remainder of the physical and mental health treatment records and opinions. AR 19-20, 22, 25. Upon reviewing all of the evidence, the ALJ determined the RFC. AR 26. Plaintiff's challenge is based on the ALJ's failure to include a limitations

9

related to Plaintiff's ability to work without missing in excess of four days per month, as indicated by PA Devine.

Although the ALJ improperly stated that PA Devine's Questionnaire did not constitute a medical opinion and apparently did not realize a portion of the record the ALJ reviewed was PA Devine's treatment notes, such errors are harmless where it is clear from the ALJ's decision that he properly reviewed and weighed the evidence of record in reaching his conclusions. In essence, Plaintiff disagrees with the conclusions drawn by the ALJ, but his disagreement is centered on arguments that would impermissibly require this Court to reweigh the evidence. That, however, is not the relevant standard of review on appeal. *See, cf., Alarid v. Colvin*, 590 F. App'x 789, 795 (10th Cir. 2014) ("In citing what he contends is contrary evidence, Mr. Alarid is asking us to reweigh the evidence, which we cannot do."); *Lately v. Colvin*, 560 F. App'x 751, 754 (10th Cir. 2014) (finding ALJ properly rejected treating physician opinion due to its inconsistency and rejecting claimant's attempt to have the court reweigh the evidence); *Taylor v. Astrue*, 266 F. App'x 771, 777 (10th Cir. 2008) (recognizing that case was not "clear-cut" and that the claimant "certainly adduced evidence consistent with Dr. Harris's functional limitations" but the ALJ complied with the regulations in weighing the treating physician opinion, his decision to reject that opinion was supported by sufficient evidence and "it is not the province of th[e] court to reweigh the evidence"). That a district court might have reached a different result is not a basis for reversal absent a showing that substantial evidence does not support the ALJ's decision. *Ellison v. Sullivan*, 929 F.2d 534, 536 10th Cir. 1990).

V.  Conclusion

Based on the foregoing analysis, the decision of the Commissioner is affirmed. Judgment will issue accordingly.

ENTERED this __19th__ day of __April__, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE